IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tracy W. Lunsford,  :  | |
|     Plaintiff | : Case No. 2:11-cv-00733 |
| v. | : Judge Sargus |
| Debra Timmerman-Cooper, Warden, | : Magistrate Judge Abel |
|     Defendant | : |

## REPORT AND RECOMMENDATION

    Plaintiff Tracy W. Lunsford, a State prisoner, brings this action under 28 U.S.C. §1983. This matter is before the Magistrate Judge in accordance the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on defendant Debra Timmerman-Cooper's November 7, 2011 motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (doc. 7).

    The complaint alleges that plaintiff spent 15 days in "the hole". On February 6, 2011, he was released to the general population and had no further sanctions or penalties. On February 10, 2011, plaintiff's mother died. His family contacted the Warden and informed her that they would pay for plaintiff's transport to the funeral. The warden denied the request because he was in "the hole" even though plaintiff was in the general population at that time. The complaint alleges that there was no excuse for denying the request.

    Plaintiff's complaint fails to state a claim upon which relief can be granted against defendant in her official capacity. Neither a state agency, nor a state official operating the

her official capacity is a "person" for purposes of a damages action under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

To the extent that plaintiff attempts to sue defendant Timmerman-Cooper in her individual capacity, his claim also fails. Prisoners have no liberty interest protected by the Constitution of the United States in being temporarily released for the purpose of attending a family members' funeral. *Rathers v. Raney,* 2000 WL 1871702 (6th Cir. December 13, 2000); *Lamb v. Burke,* 1995 WL 371648 (6th Cir. June 21, 1995); *McGee v. Grant,* 1988 WL 131414 (6th Cir. December 9, 1088). The warden has discretion in deciding whether or not to temporarily release a prisoner to attend a relative's funeral. *See* Ohio Rev. Code § 2967.27(A)("The department of rehabilitation and correction may grant furloughs to trust-worthy prisoners. . . .Such furloughs may be authorized for the purpose of (1) Visiting a dying relative; (2) Attending the funeral of a relative."); Ohio Adm. Code § 5120-9-50(B) and (F). While plaintiff Tracy Lunsford suffered a substantial deprivation that caused him mental and emotional distress, neither the Constitution of the United States nor Ohio law gives prisoners a liberty interest in attending a relative's funeral. Consequently, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that defendant Debra Timmerman-Cooper's November 7, 2011 motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (doc. 7) be **GRANTED.**

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge