IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tracy W. Lunsford,
    Plaintiff

: Case No. 2:11-cv-00733

v.

: Judge Sargus

Debra Timmerman-Cooper, Warden,
    Defendant

: Magistrate Judge Abel

**ORDER**

Petitioner Tracy W. Lunsford, a State prisoner, brings this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States. This matter is before the Court on Magistrate Judge Abel's January 19, 2012 Report and Recommendation that the petition for writ of habeas corpus under 28 U.S.C. §2254 be denied.

The complaint alleges that plaintiff spent 15 days in "the hole". On February 6, 2011, he was released to the general population and had no further sanctions or penalties. On February 10, 2011, plaintiff's mother died. His family contacted the Warden and informed her that they would pay for plaintiff's transport to the funeral. The warden denied the request because he was in "the hole" even though plaintiff was in the general population at that time. The complaint alleges that there was no excuse for denying the request.

On January 27, 2012, petitioner Tracy W. Lunsford filed objections to the Report and Recommendation. Petitioner argues that he was deprived of a statutory arising under section 5120-9-50(E) of the Ohio Administrative Code. Petitioner maintains that the Warden had no discretion to deny his request to attend his mother's funeral.

An Ohio prisoner has no liberty interest in being temporarily released for the purpose of attending a family member's funeral. Section 5120-9-50 provides in relevant part:

> (B) Inmates who are not likely to pose a threat to the public safety and who are statutorily eligible pursuant to division (C) of section 2967.27 of the Revised Code *may, at the discretion and professional judgment of the warden*, be permitted an escorted visit for the specific purpose of visiting a dying relative or attending a private viewing of a deceased relative.
> . . .
> (E) Wardens shall permit such inmate releases *only upon receipt of information which verifies* the relationship of the relative, and in cases of bedside visits, that the relative is in imminent danger of death. In cases of private funeral viewing the warden shall also verify the death of said relative.

Ohio Admin. Code §§ 5120-9-50(B) & (E) (emphasis added). Subsection (B) clearly states that the decision to allow an inmate to attend a funeral is at the discretion and professional judgment of the warden. Subsection (E) requires the warden to verify information concerning the relationship of the relative and the death of that relative before permitting an inmate to be released. Subsection (E)does not diminish the warden's discretion in determining whether the inmate may be temporarily released.

The Magistrate Judge correctly stated that prisoners have no liberty interest protected by the Constitution of the United States in being temporarily released for the purpose of attending a family members' funeral. *Rathers v. Raney*, 2000 WL 1871702 (6th Cir. December 13, 2000); *Lamb v. Burke*, 1995 WL 371648 (6th Cir. June 21, 1995); *McGee v. Grant*, 1988 WL 131414 (6th Cir. December 9, 1088). The warden has discretion in deciding whether or not to temporarily release a prisoner to attend a relative's funeral. *See* Ohio Rev. Code § 2967.27(A)("The department of rehabilitation and correction may grant furloughs to trust-

2

worthy prisoners. . . .Such furloughs may be authorized for the purpose of (1) Visiting a dying relative; (2) Attending the funeral of a relative."); Ohio Adm. Code § 5120-9-50(B) and (F). While plaintiff Tracy Lunsford suffered a substantial deprivation that caused him mental and emotional distress, neither the Constitution of the United States nor Ohio law gives prisoners a liberty interest in attending a relative's funeral. Consequently, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation.

The petition for writ of habeas corpus is DENIED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for respondent.

_____  2-9-2012
Edmund A. Sargus, Jr.
United States District Judge

3